Mark Dickerson
21005 Sauvie Island Road
Portland, Oregon 97231
Telephone: (503) 939-9502
Email: *markalan@prodigy.net*

Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK DICKERSON,<br><br>                      Plaintiff,<br><br>vs.<br><br>CITY OF PORTLAND;<br>MULTNOMAH COUNTY; and<br>JOHN DOEs 1-15,<br><br>                      Defendants. | Civil Action No. 3:19-CV-01126-SB<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. §1983)<br>Negligence, False Arrest, and<br>Malicious Prosecution (State Torts)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is a civil rights and state tort law action against the above-named parties for the unconstitutional and tortious act of falsely arresting the Plaintiff, the unlawful siezure and detention of Plaintiff, and in criminal charges being filed against him. A sitting state court judge dismissed all charges against him.

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). and the Fourth, Fifth, Sixth, and Eighth Amendments. Jurisdiction is founded on 28 U.S.C. §§1331, 1343 (1), (2), (3), (4), 1367(a), and the aforementioned statutory and Constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

### Venue

2. Venue is proper within the Federal District of Oregon because all of the events giving rise to this complaint and the claims set forth herein occurred in this judicial district, and all defendants

Page -1- COMPLAINT

reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Portland, Multnomah County, Oregon.

## Parties

3. Plaintiff Mark Dickerson is and was at all times described in this Complaint an individual and a citizen of the United States and a resident of the County of Multnomah, State of Oregon.

4. Defendant City of Portland (hereinafter, "City") is a political subdivision of the State of Oregon with the capacity to sue and be sued. The City runs the Portland Police Bureau.

5. Defendant Multnomah County (hereinafter, "County") is a political subdivision of the State of Oregon with the capacity to sue and be sued. The County is responsible for the operations of the Multnomah County District Attorney and the Multnomah County Correctional System.

6. Defendants John Does 1 through 15, are and were at all times relevant hereto, officers of the Portland Police Bureau, the Multnomah County District Attorney's office, or the Multnomah County Correctional System, each acting in such capacity as the agent, servant, and/or employee of the Defendants City or County. Plaintiff does not know the names of Defendants John Does 1-15, and thus sues them under fictitious names. John Does 1-15 are any City or County employees who exercised command responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in Plaintiff's deprivation of civil rights as hereinafter alleged.

## Factual Allegations

**I.     Protests in Portland, Oregon; October 31, 2018.**

7. On October 31, 2018, following the death of a Portland resident in a police shooting incident, a group of protestors aligned with the "Black Lives Matter" movement, engaged in a protest over the incident, on Fourth Avenue Southwest in downtown Portland, directly in front of the Multnomah County courthouse.

8. The focus of the protestors, who were being actively monitored by police officers employed by the Portland Police Bureau ("PPD"), was the disruption of motor vehicle traffic traveling northward on Fourth Avenue, between Main and Salmon Streets. This was primarily done by having the protestors enter into the area of the crosswalk during the periods of time when the traffic light blocked the forward movement of traffic across the Main Street intersection, and then slowly moving

**Page -2- COMPLAINT**

back to the sidewalk as the light changed, and traffic began to move forward.

9. At the approximate hour of 10:30 a.m., Plaintiff, who had a scheduled court hearing at the Multnomah County courthouse, was proceeding Northward on Fourth Avenue, approaching the courthouse block, when his progress was halted by the traffic light at the Main street intersection. As he waited at the light, he observed the protesters moving forward into the crosswalk across the street, carrying their signs and placards. As the light changed, and traffic, including Plaintiff's vehicle began to move across the intersection, the protesters slowly retreated back to the sidewalk area as the vehicular traffic approached.

10. As Plaintiff slowly moved across the intersection and crosswalk area, and the protesters moved back to the sidewalk, one protester - who had not been part of the group that had occupied the crosswalk - suddenly stepped into the traffic lane, and directly in front of Plaintiff's vehicle.

11. Although Plaintiff - who at point was traveling at a speed of approximately seven miles per hour - immediately applied his brakes and came to a stop, the said protestor made a deliberate show of slamming his hands down on Plaintiff's hood, and then spinning away, as though he had been struck, attempting to create the illusion that Plaintiff had deliberately run into him.

II. **The False Arrest**.

12. At this point, a supervisory PPD officer ("John Doe 1") who had observed the interaction, stepped forward to apparently defuse and investigate the situation. Plaintiff immediately made the officer aware that the entire incident had been captured on his dashboard video camera - commonly referred to as a "dashcam" - and offered to replay the video recording for the officer.

13. The PPD officer declined the offer to view the dashcam recording, however he made a point of telling Plaintiff that he was not in trouble, and specifically, that he was "not under arrest".

14. During this time, the protester continued to allege that he had been struck by Plaintiff's vehicle, despite being made aware of the existence of the dashcam video. At this point, a second, subordinate PPD officer ("John Doe 2") joined the first, and they proceeded to discuss the incident between them, before John Doe 1 withdrew from the scene and left John Doe 2 as the investigatory officer. Again however, both Plaintiff and John doe 2 were specifically told by John Doe 1, that he was

Page -3- COMPLAINT

not in any trouble, and was not under arrest.

15.     After John Doe 1 had left the scene, and following a period of discussion with the allegedly injured protester, John Doe 2 now informed Plaintiff that - contrary to the specific allegement and instruction by John Doe 1 and his earlier assurances to Plaintiff - that Plaintiff was, in fact, being placed under arrest, and charged with four Class A misdemeanor counts for: 1) Reckless Driving, 2) Harassment, 3) Assault in the 4th Degree, and 4) Recklessly Endangering Another Person.

16.     Despite Plaintiff's repeated offer and entreaties to John Doe 2, to simply view the dashcam video, the officer ignored the presence of the available exculpatory evidence available on the dashcam video, and placed Plaintiff into custody.

17.     Following his arrest, Plaintiff was processed through the Multnomah County Correctional System, where he was subjected to fear, intimidation, humiliation, and public embarrassment, when his name and photograph were publicized by employees of the Multnomah County Correctional System.

**III.    The Malicious Prosecution.**

18.     Thereafter, employees of the Multnomah County District Attorney's office, despite the clear and unequivocal video evidence available to them, proceeded to wrongfully bring Plaintiff to trial.

19.     The criminal charges against Plaintiff were subsequently dismissed; the 4th Degree Assault and Recklessly Endangering Another Person charges were dismissed prior to trial, and the remaining charges were summarily dismissed by the trial judge, immediately upon viewing of the dashcam video.

### FIRST CAUSE OF ACTION

### Fourth Amendment – Wrongful Arrest, Unlawful Use of Force

20.     The allegations in paragraphs 1 through 19 inclusive, are realleged and incorporated by reference herein as if fully set forth.

21.     It is clearly established law that an officer may not seize a person without probable cause to do so.

22.     In taking the actions described above, Defendants personally participated in and intentionally violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States

Constitution.

23. The unreasonable seizure of the Plaintiff was the direct and proximate cause of his suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, and nervousness. Plaintiff is entitled to all of his economic and non-economic damages in the amount of $500,000.00. Or such other reasonable amount to be ascertained according to proof at trial.

## SECOND CAUSE OF ACTION

### Fourth Amendment – Unlawful Pattern and Practice (42 U.S.C. 1983)

24. The allegations in paragraphs 1 through 19 inclusive, are realleged and incorporated by reference herein as if fully set forth.

25. As described in Claim 1, Defendants violated the Plaintiff's constitutional right to be free from unreasonable seizures.

26. Defendants' conduct is illustrative of a pattern and practice of PPB officers, acting in concert and in cooperation with employees of the Multnomah County District Attorney's office, violating the Fourth Amendment rights of innocent citizens who become caught up in public protests, through a practice of arrest, punishment, and targeting.

27. Defendants City and County do not have adequate supervisory review of incidents where officers and others violate these Fourth Amendment rights. Said Defendants have effectively condoned this practice by repeatedly failing to correct it.

28. Defendants City and John Does 3-10 failed to train and discipline its officers, including Defendants John Doe 1 and 2, in following constitutional norms, as described above.

28. Defendants County and John Does 11-15 failed to train and discipline its employees, in following constitutional norms, as described above.

29. The above-described acts of the Defendants, committed under color of law and under color of their authority as police officers and officers of the court, as hereinabove set out, further deprived Plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States, all committed in violation of 42 U.S.C. §§1981, 1983, 1985(3), and 1986, and further deprived Plaintiff of rights guaranteed to him by the Fourth, Fifth, Sixth and Eighth Amendments of the

Constitution of the United States, and further deprived Plaintiff of rights guaranteed to him by the Statutes and Constitution of the State of Oregon.

30. The unlawful seizure, and subsequent unreasonable prosecution, of the Plaintiff was the direct and proximate cause of his suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, and nervousness. Plaintiff is entitled to all of his economic and non-economic damages in the amount of $500,000.00, or such other reasonable amount to be ascertained according to proof at trial.

### THIRD CAUSE OF ACTION

### State Law Claim: Negligence of the Defendants

31. The allegations in paragraphs 1 through 19 inclusive are realleged and incorporated by reference herein as if fully set forth.

32. By taking the actions they did on October 31, 2018 and thereafter, Defendants created an unnecessary and unreasonable risk of harm against all present. It was foreseeable that the Plaintiff's arrest at a protest event being actively covered by the media would result in injury to his personal and professional reputation. Despite knowledge of this risk, and the foreseeability of this injury, Defendants and each of them breached their duty owed to Plaintiff, damaging him.

33. The negligence of Defendants City and County was the direct and proximate cause of Plaintiff's suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, and nervousness. Plaintiff is entitled to all of his economic and non-economic damages in the amount of $500,000.00, or such other reasonable amount to be ascertained according to proof at trial.

### FOURTH CAUSE OF ACTION

### State Law Claim: False Arrest

34. The allegations in paragraphs 1 through 19 inclusive are realleged and incorporated by reference herein as if fully set forth.

35. As alleged above, the City caused an imposition of unlawful restraint on the Plaintiff's freedom of movement.

36. Defendant City's false arrest was the direct and proximate cause of Plaintiff's suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, and nervousness.

**Page -6- COMPLAINT**

Plaintiff is entitled to all of his economic and non-economic damages in the amount of $500,000.00, or such other reasonable amount to be ascertained according to proof at trial.

### FIFTH CAUSE OF ACTION

### State Law Claim: Malicious Prosecution

37. The allegations in paragraphs 1 through 19 inclusive are realleged and incorporated by reference herein as if fully set forth.

38. As alleged above, the County's prosecution of this action against Plaintiff was malicious and brought without any cause to believe that a breach of the peace or any other cause of action had been committed. The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and to defame Plaintiff.

39. Defendant County's malicious prosecution was a direct and proximate cause of Plaintiff's suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, and nervousness. Plaintiff is entitled to all of his economic and non-economic damages in the amount of $500,000.00, or such other reasonable amount to be ascertained according to proof at trial.

### Reasonable Attorney's Fees and Costs

40. 42 U.S.C. § 1988(b) allows "the prevailing party. a reasonable attorney's fee as part of the costs." in an action brought under 42 U.S.C. § 1983.

41. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

### Demand for Jury Trial

42. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

### Compliance With Tort Claims Notice Act

43. Plaintiff avers that he has fully complied with the requirements of ORS 30.275, as regards the state law claims.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**Page -7- COMPLAINT**

## Prayer for Relief

WHEREFORE, Plaintiff Mark Dickerson demands the following relief, jointly and severally, against all the Defendants and each of them:

(a) For economic and non-economic damages in the amount of $500,000.00.

(b) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988; and

(c) Such other and further relief as this Court may deem appropriate, including all costs and fees incurred herein.

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED, this 3RD day of July, 2019.

_____
Mark Dickerson -- Plaintiff Pro Se