IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK DICKERSON, | Case No. 3:19-cv-01126-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CITY OF PORTLAND; MULTNOMAH COUNTY; MATT JACOBSEN; and JOHN DOES 1-15, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Mark Dickerson ("Dickerson"), a self-represented litigant, filed this action against the City of Portland (the "City"), Multnomah County (the "County"), John Does 1-15, and Portland Police Bureau Officer Matt Jacobsen ("Officer Jacobsen") (collectively, "Defendants"). Dickerson brought claims under 42 U.S.C. § 1983 ("Section 1983") for wrongful arrest and state law claims for negligence, false arrest, and malicious prosecution. (ECF No. 1.) The Court granted Defendants' motion for summary judgment (ECF No. 55), and now the City and County seek a cost award. (ECF Nos. 57, 59.) For the reasons that follow, the Court

PAGE 1 – OPINION AND ORDER

approves Defendants' cost bills and awards the City's costs in the amount of $ 2,947.90 and the County's costs in the amount of $ 2,072.70.

## BACKGROUND

Dickerson filed this action alleging Section 1983 claims for wrongful arrest and state law claims for negligence, false arrest and imprisonment, and malicious prosecution. Defendants moved for summary judgment, on the grounds that: (1) probable cause existed for Dickerson's arrest, which defeats claims for wrongful arrest, false arrest and imprisonment, and malicious prosecution; and (2) Dickerson failed to present a genuine issue of material fact giving rise to municipal liability under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). (ECF Nos. 34, 38.) The Court agreed, granted both motions, and entered judgment for Defendants. (Op. & Order at 23, ECF No. 55.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed by the prevailing party." FED. R. CIV. P. 54(d)(1). By its terms, "[FED. R. CIV. P. 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n Mexican-Am. Educators* ("*AMAE*") *v. California*, 231 F.3d 572, 591 (9th Cir. 2000) "That discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* (quoting *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). "[A] district court's decision regarding costs is reviewed for abuse of discretion." *Powell v. Adlerhorst Int'l, Inc.*, No. 3:14-cv-01827-MO, 2017 WL 1371269, at *1 (D. Or. Apr. 12, 2017) (citing *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)).

PAGE 2 – OPINION AND ORDER

"[I]n civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources or 'the chilling effect of imposing such high costs on future civil rights litigants.'" *Pierce v. Santa Maria Joint Union High Sch. Dist.*, No. 2:11-CV-09463-SVW (FMOx), 2013 WL 12174404, at *4 (C.D. Cal. Jan. 29, 2013) (quoting *AMAE*, 231 F.3d at 593). "The losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances." *Mansourian v. Bd. Regents of Univ. Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. July 15, 2008) (citing *Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995), *overruled on other grounds by AMAE*, 231 F.3d at 593).

## DISCUSSION

### I. THE CITY'S COSTS

#### A. Deposition Costs

The City requests $2,872.35 for deposition costs: $1,869.05 for Dickerson's August 13, 2020, deposition, $165.40 for Dickerson's July 27, 2020, deposition, $651.75 for Dickerson's July 23, 2020, deposition, and $196.15 for Jenna Plank's deposition. (Decl. of Caroline Turco ("Turco Decl.") ¶¶ 2-3, Ex. 1 at 1-4, ECF No. 58.)

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable costs. 28 U.S.C. § 1920(2); *see also Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) ("Costs related to depositions are generally available to a prevailing party under 28 U.S.C. § 1920."). Depositions relied on at summary judgment to determine genuine issues of fact are "necessarily obtained for use in the case." *Yasui v. Maui Elec. Co., Ltd.*, 78 F. Supp. 2d 1124, 1128 (D. Haw. 1999) ("Yasui's deposition was relied on to determine when Yasui knew or should have known about his causes of action. The other depositions were

examined to determine whether genuine issues of fact existed. Accordingly, IBEW is entitled to $3,367.44 in costs for its deposition transcripts.").

The Court finds that Dickerson's and Plank's depositions were "necessarily obtained for use in the case," as the Court relied upon the testimony to evaluate Defendants' motions for summary judgment. The Court therefore grants the City's request for $2,872.35 for deposition costs.

### B. Hearing Transcript

The City also requests $45.55 for the cost of the transcript from Dickerson's March 18, 2020, criminal trial in state court. (Turco Decl. Ex. 1, at 5.)

"Expenses for the trial transcript and for transcribing arguments, pretrial proceedings and the like are allowable costs." *United States v. Metro. Disposal Corp.*, 622 F. Supp. 1262, 1267 (D. Or. 1985) (citing *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir. 1964)). "However, the statute requires that the transcripts be 'necessary.'" *Id.*

The City cited to the March 18, 2020, trial transcript in its Motion for Summary Judgment. (City's Mot. Summ. J. at 3, 10.) "Having relied on the transcript in a court filing, [the City] ha[s] established that the transcript was reasonably necessary to litigate this case." *Llanes v. Zalewski*, No. 3:18-cv-00267-SB, 2020 WL 207938, at *4 (D. Or. Jan. 14, 2020); *see also Icebreaker Ltd. v. Gilmar, S.P.A.*, No. 3:11-CV-00309-BR, 2013 WL 638926, at *7 (D. Or. Feb. 20, 2013) (awarding costs to party that established a hearing transcript was used in part to support its motion for summary judgment). Accordingly, the Court approves the $45.55 hearing transcript cost.

### C. Docket Fees

The City also seeks to recover $20 in docket fees. A prevailing party may recover a docket fee under 28 U.S.C. § 1923. The relevant docket fee is $20 and is recoverable "on trial or

PAGE 4 – OPINION AND ORDER

final hearing . . . in civil, criminal, or admiralty cases[.]" 28 U.S.C. § 1923(a). "A 'final hearing' under 28 U.S.C. § 1923 includes granting a motion for summary judgment." *Alexander v. Dorn,* No. 0311-cv-00102-ST, 2011 WL 7402974, at * 1 (D. Or. Dec. 9, 2011), *adopted in relevant part by* No. 3:11-CV-00102-ST, 2012 WL 554476 (D. Or. Feb. 21, 2012). Here, the Court entered summary judgment in favor of the City, which disposed of Dickerson's claims. Accordingly, the City is entitled to the $20 docket fee.

## II.     THE COUNTY'S COSTS

### A.     Deposition Costs

The County requests $2,072.20 for deposition costs: $398.15 for Dickerson's August 13, 2020, deposition, $707.00 for Dickerson's July 27, 2020, deposition, $554.85 for Dickerson's July 23, 2020, deposition, and $342.45 for Jenna Plank's deposition. (Decl. of B. Andrew Jones ("Jones Decl.") ¶ 5, Exs. 1-4.) For the same reasons discussed above, the Court also grants the County's request for $2,072.20 in deposition costs.

### B.     Hearing Transcript

The County also seeks $70.25 for the cost of the transcript from Dickerson's March 18, 2020, trial. (Jones Decl. ¶ 8, Ex. 5.) The County cited to the March 18, 2020, trial transcript in their Motion for Summary Judgment (County's Mot. Summ. J. at 3, 10), and has therefore established that the transcript was reasonably necessary to defend the party's litigation position. *See U.S. ex rel. Berglund v. Boeing Co.*, No. 03:02-cv-193-AC, 2012 WL 697140, at *3 (D. Or. Feb. 29, 2012) (awarding hearing transcript cost where transcript was used to defend the party's position). Accordingly, the Court approves the $70.25 cost for the trial transcript.

## III.    ABILITY TO PAY

Because this is a civil rights case, the Court must evaluate Dickerson's financial resources and whether awarding costs would chill future civil rights litigation. *See Pierce*, 2013

PAGE 5 – OPINION AND ORDER

WL 12174404, at *4 ("[I]n civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources or 'the chilling effect of imposing such high costs on future civil rights litigants.'" (quoting *AMAE*, 231 F.3d at 593)).

"A plaintiff's financial status is an appropriate consideration when determining whether to award costs to a prevailing defendant." *Hoppman v. Liberty Mut. Ins. Co.*, 3:17-cv-00402-BR, 2018 WL 2432943, at *3 (D. Or. May 30, 2018) (citing *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014)). "When conducting this inquiry a district court generally looks at the plaintiff's employment status, income, assets, and debts." *Id.* (citing *Powell v. Adlerhorst Int'l., Inc.*, No. 3:14-cv-01827-MO, 2017 WL 1371269, at *2 (D. Or. Apr. 12, 2017)). A court may deny costs "when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." *Id.* (quoting *Escriba*, 743 F.3d at 1248).

Here, the City seeks to recover $2,947.90 in costs, and the County seeks to recover $ 2,072.70 in costs, for a total cost award of $5,020.60. Dickerson asserts that he incurred significant legal fees in connection with his 2018 criminal case, which was the subject of his civil rights and state law claims against Defendants. (*See* Pl.'s Aff. in Opp'n to the County's Decls. Ex. C, at 5-7.) However, Dickerson has not submitted any evidence regarding his employment status, debts, or assets that show he would be "indigent" if the Court awarded costs to the Defendants.[1] *See Escriba*, 743 F.3d at 1248 (stating that a court may deny costs "when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed" (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999))); *Terryberry v. Liberty Mut.*

---

[1] Although Dickerson appeared *pro se* in this case, he did not file an application to proceed *in forma pauperis* and paid the full $400 filing fee. (*See* ECF No. 1.)

PAGE 6 – OPINION AND ORDER

*Fire Ins. Co.*, No. 2:13-CV-00658, 2015 WL 5673496, at *2 (D. Nev. Sept. 3, 2015) ("[P]laintiff's mere assertions are sorely inadequate to demonstrate indigence or a 'severe hardship' that would warrant relief from plaintiff's obligation to pay costs."). Furthermore, Dickerson did not file a response to Defendants' cost bills, and therefore he has not provided reasons why his financial condition should overcome the presumption in favor of a cost award.

In addition, although $5,020.60 is not an insubstantial sum, it is not large enough to pose a risk of chilling future litigants. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003) (affirming the district court's award of costs of $5,310.55 to defendant and noting that it is a "relatively small sum"). In similar cases, federal courts have found that comparable cost awards did not pose a risk of chilling future litigation. *Compare Hoppman,* 2018 WL 2432943, at *3 (rejecting the plaintiff's "chilling effect" argument and awarding $4,695.20 in costs), *and Estate of Le Blanc v. City of Lindsay*, No. CV-F-04-5971-DLB, 2007 WL 2900515, at *3 (E.D. Cal. Sept. 28, 2007) (awarding $8,460.21 in costs), *and Sorgen v. City of San Francisco*, No. 05-CV-03172 THE, 2007 WL 521235, at *3-4 (N.D. Cal. Feb. 15, 2007) (awarding $4,987 in costs), *with AMAE*, 231 F.3d at 593 (affirming the district court's denial of $216,443.67 in costs to a prevailing defendant because the "extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"), *and Mansourian,* 566 F. Supp. 2d at 1170 (holding that costs of $32,353.84 would chill future civil rights litigants), *and Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008) (finding that "a combination of several [] factors," including "the chilling effect of imposing costs on civil rights litigants," warranted denial of the defendants bill of costs totaling $16,268.71); *but see Rivera v. Nibco*, 701 F. Supp. 2d 1135, 1145 (E.D. Cal. 2010) (finding that a bill of costs that totaled $84,434.40, but divided among twenty-three plaintiffs, came to $3,671.06 for each, risked a

chilling effect because "for a low wage-worker, the threat of a $3,600 cost bill, represent[ed] approximately 14% of the annual income of Plaintiffs").

On this record, the Court concludes that Dickerson has not established circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing parties. *See Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-CV-1703, 2015 WL 1276695, at *2 (E.D. Cal. Mar. 19, 2015) (awarding $6,001.25 in costs to the prevailing defendant despite the plaintiff's status as a single mother and the sole wage earner in her household); *cf. Escriba*, 743 F.3d at 1248 ("Escriba earned an average of $11,622 per year while working for Foster Farms, meaning that the costs being sought by the company exceed her average annual earnings."). Accordingly, the Court approves Defendants' requested cost bills.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the City's bill of costs in the amount of $2,947.90 (ECF No. 57), and GRANTS the County's bill of costs in the amount of $ 2,072.70 (ECF No. 59).

**IT IS SO ORDERED.**

DATED this 5th day of February, 2021.

                                                              *Stacie F. Beckerman*
                                                              _____
                                                              HON. STACIE F. BECKERMAN
                                                              United States Magistrate Judge